ReedSmith
Driving progress
through partnership

**John N. Ellison**
Direct Phone: +1 212 205 6117
Email: jellison@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

January 25, 2024

**VIA CM/ECF**

Hon. Katherine Polk Failla
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

**RE: *Bryce Corporation v. XL Insurance America, Inc.*, 23 Civ 1814 (KPF)**

Dear Judge Failla:

On behalf of Plaintiff Bryce Corporation ("Bryce"), we write in accordance with Local Civil Rule 37.2 and the Court's individual rules to request an informal discovery conference concerning ongoing discovery disputes between the parties. Bryce and defendant XL Insurance American ("XL") conferred via letter regarding certain discovery disputes. (Exhibits A-C). Bryce requested recently to conduct a "meet and confer" teleconference with XL, however, XL did not respond to Bryce's request. (Exhibit C). Given that fact discovery in this litigation must be complete by April 5, 2024 and that the Court expressly addressed two of these issues in previous Orders, Bryce respectfully requests the Court's intervention.

**Reserve Information**

XL has refused to produce information responsive to Bryce's request for all documents reflecting, recording, setting, evidencing, or memorializing the reserves set by or for XL relating to Bryce's claims. As part of this request, Bryce specifically requested that XL produce unredacted copies of its claims handling manuals, which XL previously produced in redacted form removing information about the setting of loss reserves.[1] In this Court's December 28, 2023 Opinion and Order, the Court examined the status of the Loss Run, which contains loss reserve information. This Court concluded:

> [I]t follows that the Loss Run, and the Reserve Information contained therein, ***is relevant to the dispute***. *See Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y.*, 284 F.R.D. 132, 138-39 (S.D.N.Y. 2012) (rejecting insurer's position "that reserve information is generally irrelevant in insurance coverage actions"). As other courts have observed, "the actual amounts of [an insurer's] loss reserves" are relevant "to [that insurer's] own beliefs about coverage and [its] liability, as well as [its] good or bad faith in handling and investigating [the insured's] claims." Id. (collecting cases). Here, Plaintiff alleges just that, namely that Defendant repeatedly delayed in fully and fairly adjusting Plaintiff's claim, and that the Reserve Information contained in the

[1] XL failed to account for these redactions on its privilege log.

ReedSmith

> Loss Run provides evidence of Defendant's valuation of the claim, which valuation exceeded the amount paid out to Plaintiff. (See FAC ¶¶ 101-107, 118-130).

Order, Doc. No. 46, at 25-26 (emphasis added).

Based on the Court's Order, it is clear that reserve information is both relevant and non-privileged, and accordingly XL has no ground to refuse its production. Bryce requests that the Court issue another Order directing that XL produce the requested reserve-related documentation and specifying that reserve information is an appropriate topic for deposition questioning.

**Reinsurance Information**

On November 28, 2023, the Court issued an Order requiring XL to produce certain documents and information, including reinsurance information. (Doc. No. 45). In concluding that XL must produce reinsurance information, the Court ruled: "As for reinsurance documents, the Court finds *Fireman's Fund* to be relevant in resolving the instance dispute, notwithstanding Defendant's attempts to distinguish the case based on its facts." (*Id.*, citing *Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y.*, 284 F.R.D. 132 (S.D.N.Y. 2012)). In *Fireman's Fund*, the Court ordered the production of "all documents or communications related to [insurance company's] procurement of, and claims made on, its reinsurance policy." 284 F.R.D. at 136. Similar, here, Bryce requested reinsurance information, to include documents exchanged between XL and any reinsurance company related to the Claims (*see* Doc. No. 43-1, at 12), and the Court ordered XL's production of these documents.

After significant and often unexplained delays (Exhibit C), XL produced a handful of reinsurance-related documents on January 22, 2024. Yet, XL has produced no documents or communications exchanged with its reinsurer, although the few reinsurance documents it did produce make it apparent that additional documents have been exchanged. Bryce requests that the Court direct XL to promptly produce all reinsurance information.

**Sedgwick and J.S. Held Documents**

Bryce requires certain documents of Sedgwick and J.S. Held, which acted as XL's agents adjusting and valuing Bryce's claims, to investigate the matters at issue in this litigation. XL's counsel has advised that it now also represents Sedgwick and J.S. Held for purposes of responding to discovery in this matter. Bryce understands Sedgwick and J.S. Held have provided all of their documents relevant to this dispute to XL (either directly or via their shared counsel).

Bryce requested documents of Sedgwick and J.S. Held from XL in its document production requests (Doc. No. 43, at 2), as well as via subpoenas to Sedgwick and J.S. Held, which required production of documents by November 27, 2023 and January 15, 2024, respectively. (Exhibits E, F). Yet, Bryce has yet to receive any document of Sedgwick or J.S. Held. Additionally, XL has refused to agree to any specific timeline for providing the documents. Bryce requests that this Court direct XL to promptly

ReedSmith

produce all documents of Sedgwick or J.S. Held that are responsive to Bryce's discovery requests and the subpoenas.

**Costs**

Bryce respectfully requests that the Court award it its costs in preparing this letter, and well as any other costs incurred or to be incurred as a result of XL's failure to produce the documents that the Court has previously ordered to be produced and that are plainly discoverable and relevant to this matter.

Respectfully submitted,

John N. Ellison
Reed Smith LLP

JNE:sc

cc: (via ECF)
Mark L. Deckman, mark.deckman@us.dlapiper.com
Aidan McCormack, aidan.mccormack@us.dlapiper.com
Neill Thupari, neill.thupari@us.dlapiper.com
*Counsel for Defendant XL*