

**DLA Piper LLP (US)**
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

Mark L. Deckman
Mark.Deckman@dlapiper.com
T   212.335.4518
F   917.778.8518

VIA ECF

January 30, 2024

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007



Re:   *Bryce Corporation v. XL Insurance America, Inc.*, No. 1:23-cv-1814 (S.D.N.Y.) –
      Reply to Bryce's January 25, 2024 Letter-Motion Requesting an Informal
      Discovery Conference

Dear Judge Polk Failla:

In accordance with this Court's Individual Rules, Defendant XL Insurance America, Inc. ("XL"), by its counsel, submits this letter in opposition to Plaintiff Bryce Corporation's ("Plaintiff" or "Bryce") letter-motion requesting an informal discovery conference. Bryce's letter is, again, premature, and serves only to further disrupt the discovery process with unnecessary motion practice. With the exception of the parties' dispute concerning the interpretation of the Court's December 28, 2023 Order, each of Plaintiff's alleged disputes are either nonexistent or moot and would not benefit from an informal discovery conference. Accordingly, XL respectfully requests that this Court issue an Order clarifying the limited scope of its December 28, 2023 Order, and deny Plaintiff's request for an informal discovery conference.

### I.   This Court's December 28, 2023 Order Did Not Compel the Production of All Reserve Information

Plaintiff misconstrues this Court's December 28, 2023 Opinion and Order. XL does not interpret this Court's Order to "effectively order" the production of "all documents reflecting, recording, setting, evidencing, or memorializing the reserves set by or for XL relating to Bryce's claims."[1] Bryce's January 8, 2024 Letter, ECF No. 53, Ex. A. First, the Opinion and Order adjudicated XL's Motion to Strike, and it did not consider any motion to compel the production of any documents. Second, in its Order, this Court concluded only that "***the*** Loss Run, and the Reserve Information ***contained therein***, is relevant to the dispute." Order, ECF No. 46 at 25 (emphasis added). Early in its Opinion, this Court clarified that the "Loss Run," as defined in its Opinion and Order, refers specifically to the inadvertently disclosed document that was the subject of XL's Motion to Strike. Order, ECF No. 46 at 1. Indeed, this Court had no occasion to rule on the admissibility of reserve information in general as that dispute was not before it nor did it

---

[1] XL notes, for the record, that at the time of Bryce's filing, XL had not yet produced its most recent supplemental privilege log. That supplemental privilege log will be provided to Bryce on or by February 2, 2024.



compel the production of all reserve information or documentation that may exist. Accordingly, XL respectfully requests that this Court issue an Order clarifying that its December 28, 2023 Order applies only to the January 17, 2023 Loss Run, and reserve information contained therein, which was the subject of the XL's Motion to Strike.

## II. XL Has Produced All Responsive Reinsurance Information.

XL does not dispute that this Court has ruled its reinsurance information relevant. And, as Bryce acknowledges, XL has already produced its reinsurance related documents. Contrary to Bryce's assertions, counsel has conducted a robust and thorough review of XL's documents and produced all relevant and responsive documents concerning reinsurance. Bryce offers nothing more than bare assertions that certain unidentified communications with reinsurers must exist and were not produced. XL cannot produce hypothetical documents.

XL, however, does dispute Bryce's characterization of XL's production as being "after significant and often unexplained delays." XL has been open and transparent with Plaintiff concerning its projected discovery timeline and any revisions thereto. On multiple occasions, counsel has informed Bryce of revisions to its production timeline and the reasons for such. Plaintiff's apparent dissatisfaction with those reasons does not render XL's timeline "unexplained." Moreover, given the fact that *Plaintiff* is the party who recently sought an amendment of the Scheduling Order extending the deadline for the close of discovery until April 5, 2024 – to which XL agreed and this Court granted – any "delays" to XL's production can hardly be described as "significant" in the context of this litigation.

## III. Counsel is Working Diligently to Facilitate the Production of Documents from Sedgwick and J.S. Held.

Last month, counsel was retained by Sedgwick and J.S. Held, non-parties to this litigation, to assist with their production of documents in response to Bryce's Subpoenas. Counsel undertook this representation in a good faith effort to facilitate an efficient discovery process. Given that the undersigned was not retained until recently, counsel could not possibly have met Plaintiff's unilaterally imposed deadlines. To date, counsel has received, and is currently in the process of reviewing, several document collections from J.S. Held. We are also still awaiting the receipt of collections from Sedgwick, as well as additional documents from J.S. Held, its subsidiaries, and agents.

Currently, we are unable to provide Bryce with an anticipated production date due to uncertainty surrounding the size and scope of outstanding document collections from J.S. Held and Sedgwick. However, we will continue to provide Bryce updates as our collection and review progresses in due course and in good faith. Accordingly, an informal discovery conference as to this item would be of little use here.


**IV.    Bryce's Request for Costs is Both Procedurally Improper and Factually Unsupported.**

Bryce has also requested that this Court award it its costs incurred in preparing this letter. Notwithstanding the fact that Bryce's request for attorney's fees is procedurally improper at this juncture, it is also factually unsupported. *See* Fed. R. Civ. P. 37(a)(5). As explained above, this request for an informal discovery conference, just as Bryce's last request, is completely unnecessary and premature. Moreover, Bryce has repeatedly caused XL to divert precious time and resources from other discovery tasks by filing unnecessary requests to the Court, sending numerous and lengthy letters to XL, and refusing to consent to XL's request for an extension of time to file its Answer. Indeed, XL was in the process of responding to Bryce's last letter before it was required to turn its attention to this most recent letter-motion. Thus, Bryce has actively contributed to the alleged harms it now bemoans. This conduct is emblematic of gamesmanship and cannot support an award of fees.

Respectfully Submitted,

/s/ *Mark L. Deckman*
Mark L. Deckman
Aidan M. McCormack
A. Neill Thupari (admitted *pro hac vice*)
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York 10020
Tel.: (212) 335-4500
mark.deckman@us.dlapiper.com
aidan.mccormack@us.dlapiper.com
neill.thupari@us.dlapiper.com

*Attorneys for Defendant*
*XL Insurance America, Inc.*

The Court is in receipt of Plaintiff's letter seeking a Local Civil Rule 37.2 Conference concerning ongoing discovery disputes between the parties (Dkt. #53), and Defendant's response in opposition (Dkt. #54). For the following reasons, Plaintiff's motion is GRANTED in part.

Defendant is correct that the Court's December 28, 2023 Opinion and Order specifically addressed the Loss Run and the Reserve Information contained therein, and did not consider any broader motion to compel the production of documents.  (Dkt. #46).  That said, the Court's decision was not made in a vacuum, and the Court expects Defendant to abide by its discussion of the application of the work product doctrine to litigation reserve information. (*Id.* at 19-22).  Where Defendant maintains that certain materials contain sufficient information to reflect that such materials were prepared in anticipation of litigation, it may properly withhold production of those documents and indicate as much in its privilege log.  (*Id.* at 20).

As to reinsurance information, Plaintiff is correct that communications exchanged with its reinsurer are within the scope of the Court's prior order. That said, the Court credits Defendant's representation that it has produced all relevant and responsive reinsurance information, and declines at this point to wade into the parties' dispute about the timeliness of Defendant's productions.  (Dkt. #54 at 2).  Should Plaintiff identify specific evidence in support of a motion to compel, it may renew such motion at that time.

Likewise, the Court credits Defendant's representation that it is working diligently and in good faith to facilitate the production of documents from Sedgwick and J.S. Held, though the Court appreciates Plaintiff's concern about Defendant's nebulous timeline for such production.  Defendant is therefore ORDERED to provide Plaintiff a reasonable timeline on or before **February 15, 2024,** for production of these documents.

Defendant is correct that Plaintiff's request for fees is both premature and factually unsupported.  While the Court is available to resolve discovery disputes amongst the parties, the Court generally expects the parties to manage discovery in an efficient and collegial manner.

The Clerk of Court is directed to terminate the pending motion at docket entry 53.

Dated:    February 1, 2024
          New York, New York

SO ORDERED.

*[signature: Katherine Polk Failla]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE