

DLA Piper LLP (US)
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

Mark L. Deckman
Mark.Deckman@dlapiper.com
T   212.335.4518
F   917.778.8518

<u>VIA ECF</u>

March 14, 2024

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007



**Re:**   *Bryce Corporation v. XL Insurance America, Inc.*, **No. 1:23-cv-1814 (S.D.N.Y.) – Reply to Bryce's March 11, 2024 Letter-Motion Seeking to Compel XL's Confidential and Proprietary Trade Secret Premium Calculations.**

Dear Judge Failla:

In accordance with this Court's Individual Rules, Defendant XL Insurance America, Inc. ("XL"), by its counsel, submits this letter in opposition to Plaintiff Bryce Corporation's ("Bryce") letter-motion requesting an Order compelling XL to produce confidential and proprietary trade secrets regarding its premium calculations. Bryce has not established the threshold showing that XL's premium calculations are relevant to this dispute, nor can it. Moreover, production of this information is unnecessary. XL's redactions are narrowly tailored to encompass only the specific numerical calculations used to establish Bryce's premiums. Any other documents concerning Bryce's premiums or the basis for any premium changes have already been produced. Accordingly, XL respectfully requests that this Court deny Bryce's letter-motion seeking the disclosure of XL's confidential and proprietary trade secrets regarding its premium calculations.

**I.     Bryce has Not Established that XL's Premium Calculations are Relevant.**

Fed. R. Civ. P. 26(b) governs the scope of discovery. Rule 26 provides that parties may obtain discovery regarding "any nonprivileged matter that is *relevant* to any party's claim or defense and proportional to the needs of the case, considering … the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Thus, relevance is a threshold matter that must be established prior to the disclosure of any documents or information. Indeed, this Court made an express finding of relevance prior to making the statement quoted by Bryce in its letter-motion.

Bryce has not and cannot establish the relevance of XL's premium calculations. This dispute concerns the enforceability of clear and unambiguous policy language, the quantum of loss thereunder, and XL's conduct in evaluating and administering Bryce's claims. Contrary to Bryce's conclusory allegations, XL's calculations of Bryce's premium payments are not relevant to these issues in any way. Whether Bryce can recover business interruption losses on a Gross Profit or Gross Earnings basis depends on the enforceability of the operative policy. The methodology XL


uses to calculate its premiums, and any specific calculations concerning Bryce's policies, have no bearing on whether the operative policy is enforceable. Nor do XL's premium calculations have anything to do with its handling or adjustment of Bryce's claims.

Apparently conceding that the premium calculations themselves are not relevant, Bryce further argues that such calculations "could lead to the discovery of admissible evidence." However, whether XL's premium calculations "could lead to the discovery of admissible evidence" is of no moment as such has not been the applicable standard for nearly a decade. *See Fischer v. Forrest*, No. 14CIV1304PAEAJP, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017) (recognizing that the 2015 amendments to the Federal Rules of Civil Procedure eliminated the "reasonably calculated to lead to admissible evidence" standard); *see also* Rule 26, Advis. Comm. Notes for 2015 Amends. ("use of the 'reasonably calculated' phrase to define the scope of discovery might swallow any other limitation on the scope of discovery.) (internal quotations omitted). Bryce's reliance on this archaic and overbroad standard betrays the weakness of its position.

Accordingly, Bryce has not shown that XL's confidential and proprietary trade secret premium calculations are relevant to any of Bryce's claims. Thus, Bryce's request should be denied.

II. **Bryce's Reliance on *Williams Int'l Co. v. Zurich Am. Ins. Co.* is Misplaced.**

Bryce relies on *Williams Int'l Co. v. Zurich Am. Ins. Co.*, 20-cv-13277, Doc. No. 188 (E.D. Mich. Sept. 5, 2023) to support its contention that XL should be compelled to produce its confidential and proprietary trade secret premium calculations. Bryce's reliance is misplaced. *Williams*, unlike this case, involved a dispute concerning ambiguous policy language. Specifically, the central issue in *Williams* was whether the parties intended certain business interruption losses to be covered under the $400 million limit of the Time Element program or the $10 million limit of the FINC program. Given the $390 million difference in exposure, the Court found that XL's premium calculations were relevant to resolving this ambiguity because they might shed light on whether XL had anticipated the risks associated with insuring those losses under the Time Element, rather than FNIC, program. This dispute is different.

Here, there is no ambiguity concerning the operative policy. Neither party disputes that Bryce suffered losses that are covered under the Time Element provision of the policy, or that the full policy limit applies to that program. Rather, this dispute concerns the enforceability of unambiguous policy language, the quantum of loss thereunder, and XL's conduct in evaluating and administering Bryce's claims. XL's premium calculations simply have nothing to do with these issues. Thus, unlike *Williams*, XL's confidential and proprietary premium calculations are not of consequence in determining this action.

Moreover, while courts have compelled the production of premium calculations **when relevant**, courts also routinely hold that an insurer's confidential and proprietary premium calculations are irrelevant. *See, e.g.*, *Louisiana Generating, L.L.C. v. Illinois Union Ins. Co.*, No. CIV.A. 10-516-RET, 2011 WL 3475526, at *2 (M.D. La. Aug. 9, 2011) (rejecting plaintiff's argument that "documents used to calculate premiums" were relevant because they "demonstrate



the scope of coverage that was intended under the … policy" and "may provide information concerning how the defendant applies terms under the policy."); *Ferrao v. Ace Ins. Co. of the Midwest*, No. 2:20-CV-657-JLB-KCD, 2022 WL 2757484, at *2 (M.D. Fla. July 14, 2022) (holding that "premium calculations and discounts … remain[] irrelevant" to plaintiff's breach of contract claim).

### III. The Disclosure of XL's Premium Calculations is Unnecessary.

To the extent that XL's premium information is in any way relevant to this action, which XL categorically disputes, XL has already provided Bryce with sufficient information on this topic. XL has not withheld or redacted any documents on the basis that they contain discussion about Bryce's premiums or the basis for any premium changes. Nor has it withheld any underlying documents used to determine the inputs for Bryce's premium calculations. Instead, XL has withheld only the specific numerical calculations used to establish the premium charged. As explained above, this limited subset of information is plainly irrelevant and immaterial to the disputed issues in this case.

Accordingly, XL respectfully requests that this Court deny Bryce's request for an Order directing XL to disclose its confidential and proprietary trade secret premium calculations. While XL believes that this issue is ripe for disposition based on these papers, counsel is happy to participate in any conference or discussion this Court deems necessary.

Respectfully Submitted,

/s/ *Mark L. Deckman*
Mark L. Deckman
Aidan M. McCormack
A. Neill Thupari (admitted *pro hac vice*)
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York 10020
Tel.: (212) 335-4500
mark.deckman@us.dlapiper.com
aidan.mccormack@us.dlapiper.com
neill.thupari@us.dlapiper.com

***Attorneys for Defendant***
***XL Insurance America, Inc.***

The Court is in receipt of Plaintiff's letter motion seeking a Local Civil Rule 37.2 conference (Dkt. #58 ("Pl. Br.")), and Defendant's response in opposition (Dkt. #59 ("Def. Opp.")).  Plaintiff seeks to compel Defendant to "produce all premium-related documents and reproduce unredacted versions of the documents showing how [Defendant] calculated [Plaintiff's] premiums for the policies sold to [Plaintiff] from 2019 through 2022." (Pl. Br. 1).  As set forth herein, Plaintiff's request is DENIED without prejudice to renewal.

As a threshold matter, Plaintiff provides the Court with no basis to discredit Defendant's representation that "[a]ny other documents concerning [Plaintiff's] premiums or the basis for any premium changes have already been produced." (Def. Opp. 1).  If this is in fact not the case, or if Defendant uncovers additional related materials, Defendant should promptly produce such materials.

More significantly, Plaintiff's sole theory of relevance — that discovery of such information "could lead to the discovery of admissible evidence as to the time period over which [Plaintiff's] business income loss can be calculated" (Pl. Br. 2) — is far too attenuated, given that the issue of Defendant's entitlement to adjust Plaintiff's loss on either a Gross Profit or Gross Earnings basis will turn primarily on an interpretation of the 2021-2022 Policy.  *See Fischer* v. *Forrest*, No. 14 Civ. 1304 (PAE) (AJP), 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017)(recognizing that the 2015 amendments to the Federal Rules of Civil Procedure eliminated the "reasonably calculated to lead to admissible evidence" standard).  Should information come to light that would support a stronger argument in favor of the relevance of those inputs to Defendant's premium calculations, Plaintiff may renew its application to Defendant for the production of such materials.  On the basis of its letter alone, however, Plaintiff has failed to demonstrate its entitlement to an order compelling production of Defendant's premium calculations.

The Clerk of Court is directed to terminate the pending motion at docket entry 58.

Dated:    March 15, 2024
          New York, New York

SO ORDERED.

*[signature: Katherine Polk Failla]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE