
DLA Piper LLP (US)
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

Mark L. Deckman
Mark.Deckman@dlapiper.com
T  212.335.4518
F  917.778.8518

VIA ECF

June 26, 2024

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007



Re:   *Bryce Corporation v. XL Insurance America, Inc.*, No. 1:23-cv-1814 (S.D.N.Y.) –
      Reply to Bryce's June 21, 2024 Letter-Motion

Dear Judge Failla:

In accordance with this Court's Individual Rules, Defendant XL Insurance America, Inc. ("XL"), by its counsel, submits this letter in opposition to Plaintiff Bryce Corporation's ("Bryce") letter-motion requesting a Local Rule 37.2 conference. In compliance with Your Honor's prior rulings, XL has and continues to provide relevant, non-privileged information related to its reserves for Bryce's claim. In this instance, Bryce's line of questioning improperly sought confidential and privileged trade secret information that is plainly irrelevant to the issues in this litigation. Nevertheless, Jeffrey Morgan has since testified as to this topic in his deposition on June 26, 2024. Accordingly, XL respectfully requests that this Court DENY Bryce's letter-motion in its entirety and award XL its costs and attorney fees incurred in responding to Bryce's filing.

Your Honor has already ruled on this issue multiple times. First, on December 28, 2023, Your Honor ruled that the specific, inadvertently disclosed loss run containing reserve information was admissible and relevant to this dispute. ECF No. 46, at 27. Then, on February 1, 2024, in response to a letter-motion by Bryce, Your Honor clarified that where XL "maintains that certain [reserve] materials contain sufficient information to reflect that such materials were prepared in anticipation of litigation, it may properly withhold production of those documents." ECF No. 55. On June 11, 2024, XL's Large Loss Claims Specialist, Ray Walton, testified that XL's reserves for Bryce's claim met the large loss threshold and had been adjusted several times by himself and Mr. Morgan. *See* ECF No. 69.[1] Despite this, Bryce now seeks carte blanche to inquire into all

---

[1] On June 26, 2024, Regional Practice Leader, Jeffrey Morgan subsequently identified the specific value of XL's large loss threshold.



documents and information even tangentially related to XL's reserves, regardless of the privilege or relevancy of such. This is plainly in contravention of Your Honor's prior rulings.

### I. Bryce's Questioning Improperly Sought Irrelevant and Confidential Trade Secret Information.

Contrary to Bryce's contentions, XL has recognized this Court's ruling on the relevancy of reserve information. Bryce's own letter-motion confirms this point, as it recounts Bryce's line of questioning regarding XL's reserves—and Mr. Walton's responses thereto. However, Bryce's questioning in Mr. Walton's deposition ventured well beyond the scope of Your Honor's prior rulings, and into the realm of XL's confidential and privileged trade secret information.

Relevancy is a threshold matter that must be established prior to the disclosure of any documents or information. *See* Fed. R. Civ. P. 26(b)(1*)*. Much like Bryce's previous letter-motion to compel XL's confidential premium calculation information, which Your Honor denied (*See* ECF No. 60), Bryce has failed to provide any explanation for why the specific value of XL's large loss threshold is relevant here. Presumably, this is because such information is not relevant here. This dispute relates to two specific claims by Bryce, which as Mr. Walton has already testified, met XL's large loss threshold. XL's internal threshold for large losses across *all claims* is simply not relevant.

### II. XL has Produced All Non-Privileged Reserve Information.

XL has already produced all non-privileged documents relating to its reserves. To the extent that any additional documents exist, further adjustments to XL's reserves after Bryce instituted suit against XL are privileged attorney work product as they reflect XL's attorneys' "thoughts, conclusions, and mental impressions as to the value of a tort claimant's suit." *In re Pfizer Inc. Sec. Litig.*, No. 90 CIV. 1260 (SS), 1994 WL 263610, at *1 (S.D.N.Y. June 6, 1994), *adhered to on reconsideration*, No. 90 CIV. 1260 (SS), 1994 WL 661104 (S.D.N.Y. Nov. 22, 1994). As Your Honor has previously ruled, XL may properly withhold production of such documents. *See* ECF No. 55.

### III. XL Requests that the Court Award it its Costs Incurred in Responding to Bryce's Letter-Motion.

Bryce's filing of this letter motion is nothing more than another vexatious attempt to disrupt the discovery process and divert XL's resources with unnecessary motion practice. Rather than attempting to resolve this dispute informally with the undersigned or seeking judicial intervention immediately after its deposition of Mr. Walton, Bryce instead delayed for nearly two weeks, filing its letter-motion just a few days prior to the deposition of XL's 30(b)(6) witness, Jeffrey Morgan,



and leaving no time for the Court to address the issue.[2] This conduct again reveals that Bryce's true motivation is not to facilitate questioning about XL's large loss threshold at future depositions, but to divert XL's time and resources from the preparation of its corporate representative on the eve of his deposition. This gamesmanship should not be endorsed. Accordingly, XL respectfully requests that the Court award its costs in responding to this letter, as well as any other costs subsequently occurred in defending against this letter-motion.

                                  Respectfully Submitted,

                                  /s/ *Mark L. Deckman*
                                  Mark L. Deckman
                                  Aidan M. McCormack
                                  DLA Piper LLP (US)
                                  1251 Avenue of the Americas
                                  New York, New York 10020
                                  Tel.: (212) 335-4500
                                  mark.deckman@us.dlapiper.com
                                  aidan.mccormack@us.dlapiper.com

                                  ***Attorneys for Defendant***
                                  ***XL Insurance America, Inc.***

---

[2] The fact deposition of XL's corporate designee, Jeffrey Morgan, was completed today, June 26, 2024, with questioning of Mr. Morgan in his corporate capacity set to resume tomorrow, June 27, 2024.

The Court is in receipt of Plaintiff's letter seeking a Local Civil Rule 37.2 conference (Dkt. #69 ("Pl. Br.")), and Defendant's response in opposition (Dkt. #70 ("Def. Opp.")). Once again, Plaintiff seeks an order compelling Defendant to provide certain reserve information, this time in depositions of Defendant's employees. (*See* Pl. Br.). For the following reasons, Plaintiff's request is GRANTED in part.

As a threshold matter, the Court accepts Defendant's representation that it has produced all non-privileged reserve information, and that it has otherwise provided information on Defendant's large loss threshold. Accordingly, Plaintiff's first two requests are DENIED as moot.

Defendant is incorrect, however, in its opposition to Plaintiff's third request, namely for an order directing Defendant to refrain from "prevent[ing] deponents from fully answering questions relating to relevant reserve information, unless [Defendant] raises factually supported objections of privilege or attorney work product." (Pl. Br. 2). While Defendant nominally invokes the relevancy requirement of Fed. R. Civ. P. 26(e), its narrow interpretation of relevancy is belied by the Supreme Court's clear directive that Rule 26 is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *See Oppenheimer Fund, Inc.* v. *Sanders*, 437 U.S. 340, 351 (1978).

And more to the point, the Court's opinion and order denying Defendant's motion to strike found that Defendant's reserve information is "relevant to [Defendant's] own beliefs about coverage and its liability, as well as its good or bad faith in handling and investigating the [Plaintiff's] claims." *Bryce Corp.* v. *XL Ins. Am.*, No. 23 Civ. 1814 (KPF), 2023 WL 9004039, at *10 (S.D.N.Y. Dec. 28, 2023) (alteration adopted) (quoting *Fireman's Fund Ins. Co.* v. *Great Am. Ins. Co. of N.Y.*, 284 F.R.D. 132, 138-39 (S.D.N.Y. 2012)).

Accordingly, Plaintiff's letter credibly establishes that Defendant's large loss threshold is relevant to understanding how Defendant conducted its internal valuation of the Plaintiff's claim (*See* Pl. Br.), which conduct is pertinent to Plaintiff's allegations that Defendant repeatedly delayed in fully and fairly adjusting the claim, *see Bryce*, 2023 WL 9004039, at *10. A similar conclusion follows for other non-privileged topics pertaining to reserve information and Defendant's adjustment of Plaintiff's claims.

Plaintiff's request for an order directing Defendant to refrain from instructing deponents to avoid answering questions pertaining to reserve information is therefore GRANTED, and Defendant's cross-motion for costs incurred opposing the request is DENIED. Defendant may invoke factually supported objections of privilege or attorney work product, but is advised that relevance and other objections are not a basis for a deponent to forgo answering a question. Testimony implicating trade secrets or other confidential information may be redacted pursuant to the parties' Confidentiality Stipulation and Protective Order, and submitted pursuant to Rule 9 of the Court's Individual Rules of Civil Procedure. (*See* Dkt. #33).

The Clerk of Court is directed to terminate the pending motion at docket entry 69.

Dated:    June 27, 2024        SO ORDERED.
            New York, New York

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE