**DENTONS**

**Mark Deckman**

mark.deckman@dentons.com
D    +1 212-398-8465

Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020
United States

dentons.com

<u>VIA CM/ECF</u>

August 22, 2025



The Honorable Katherine Polk Failla
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:     ***Bryce Corp. v. XL Insurance America, Inc.***, S.D.N.Y. No. 1:23-cv-01814-KPF –
         **Supplemental Letter Motion to Seal Certain Exhibits to Parties' Joint Appendix of
         Exhibits and Request for Relief**

Dear Judge Failla:

        Defendant XL Insurance America, Inc. ("XL") respectfully submits this supplemental
letter motion pursuant to Your Honor's Individual Rules of Practice §§ 2(C) and 9(B)-(C).

**I. Supplement to XL's Pending Sealing Motion (Dkt. 120)**

        XL incorporates by reference its August 19, 2025 letter motion to seal certain exhibits to
the parties' Joint Appendix (Dkt. 120). On August 19, 2025, the parties filed their Joint Appendix
of Exhibits (Dkt. 122). That filing was accompanied by Bryce Corporation's ("Bryce") provisional
letter motion to seal (Dkt. 116), which sought interim sealing of, *inter alia*, Exhibit 47.

        Exhibit 47 reproduces and quotes extensively from thirty XL-produced documents that XL
designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the Stipulated
Protective Order (Dkt. 33) and that are already the subject of XL's sealing application at Dkt. 120,
Appendix A. To avoid any doubt, XL hereby supplements its prior motion and respectfully
requests that Exhibit 47 likewise be filed under seal for the same reasons set forth in Dkt. 120,
namely that the document contains "sensitive, confidential, and proprietary business information
… the disclosure of which may be adverse to XL's privacy interests and harmful to its competitive
standing." (Dkt. 120 at 2, quoting *CT Espresso LLC v. Lavazza Premium Coffees Corp.*, 2022 WL
443644, at *2 (S.D.N.Y. Feb. 14, 2022)).

**Puyat Jacinto & Santos ▸ Link Legal ▸ Zaanouni Law Firm & Associates ▸ LuatViet ▸ For more information on the firms that have come together to form Dentons, go to dentons.com/legacyfirms**

**DENTONS**

Hon. Katherine Polk Failla
U.S.D.C. for the Southern District of NY
August 22, 2025
Page 2

dentons.com

## II. Request to Strike Bryce's Rule 56.1 Statement of Material Facts (Dkt. 123)

XL further moves for an order striking Bryce's unilateral "Rule 56.1 Statement of Material Facts" filed at Dkt. 123 because it violates this Court's Individual Rules and the express directive that the parties submit a single, **joint** statement of undisputed facts.

### A. The Court's Requirements.

Individual Rule 5.C(iv) expressly provides that, in "disputes regarding insurance coverage, the parties shall file **a joint Local Rule 56.1 Statement of Facts as well as a joint set of exhibits** along with the movant's opening brief." Rule 5.C(ii) further requires that a Rule 56.1 statement be "organized into numbered paragraphs and **each numbered paragraph must contain only one factual assertion**," and that the statement recite facts, not argument or legal conclusions.

### B. The Parties' Meet-and-Confer History.

On August 14, 2025, after reviewing Bryce's unilaterally drafted, 33-page, 174-paragraph "joint" draft, XL advised Bryce that the document was "not in accordance with the Court's rules" and suggested that, if no agreement could be reached, the parties "each file our own Statements." (Ex. A, 8/14/25 email at 4:13 p.m.). Bryce responded that "[t]he Judge instructed the parties 'to file a joint Local Rule 56.1 Statement of Facts, as well as a joint appendix… Bryce believes that the parties should comply with the Court's instruction and, obviously, is prepared to do so'" and invited further discussion. (Ex. A, 8/14/25 email at 4:58 p.m.).

The parties conferred on August 15, 2025. During that call XL explained, among other things, that Bryce's draft "joint" statement of "undisputed facts" was argumentative, stated legal conclusions, included disputed material, and was not concise, all in contravention of Individual Rule 5.C. Bryce thereafter circulated a "revised" draft to cure these defects. (Ex. B, 8/15/25 email at 4:13 p.m.). The parties continued to work together to edit and file the joint statement, which was filed on August 19, 2025. (Dkt. 121). However, Bryce then filed a separate "Rule 56.1 Statement of Material Facts" (Dkt. 123), which was, in essence, the same unilaterally drafted proposed "joint" statement that XL had rejected for failure to comply with the Court's rules.

### C. The Filing Should Be Struck.

Bryce's submission violates Individual Rule 5.C's mandate for a joint statement in insurance-coverage cases, and its argumentative, conclusion-laden content violates Rule 5.C(ii)'s requirement that each paragraph contain a single, undisputed **fact** only. The Court therefore should strike Dkt.123 and order the parties to meet and confer and, if necessary, submit a compliant joint statement within a time period the Court deems appropriate. See Individual Rule 5.C (authorizing the Court to enforce the joint-statement requirement) and Local Civil Rule 56.1(a) (requiring a statement of "material facts as to which the moving party contends there is no genuine issue to be tried").

**DENTONS**

Hon. Katherine Polk Failla
U.S.D.C. for the Southern District of NY
August 22, 2025
Page 3

dentons.com

### III. Requested Relief

XL respectfully requests that the Court:

1. Grant XL's supplemental sealing request and permit Exhibit 47 to remain under seal, together with the other exhibits identified in Dkt. 120; and
2. Strike Bryce's Rule 56.1 Statement of Material Facts (Dkt. 123) for non-compliance with Individual Rule 5.C and Local Civil Rule 56.1, and direct the parties to submit a proper joint statement forthwith.

We thank the Court for its attention to these matters and are available at the Court's convenience should Your Honor wish to discuss them further.

Respectfully submitted,

Mark L. Deckman

cc: All counsel of record via ECF

The Court has reviewed Plaintiff's Letter Motion to Seal (Dkt. #116), Defendant's Letter Motion to Seal (Dkt. #120), and Defendant's above Supplemental Letter Motion (Dkt. #124).

Both Plaintiff's and Defendant's applications to seal are GRANTED. The parties are directed to refile their Joint Appendix of Exhibits in full, with the following Exhibits filed under seal: 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 50, 51, 52, 53, 54, 56, 57, 58, 59, 60, 62, 63, 64, 65, 66, 68, 69, 70, 71, 72, 73, 74, and 76.

In addition, Defendant's above request to strike Plaintiff's unilateral Rule 56.1 Statement (Dkt. #123) is DENIED. Defendant is correct that Individual Rule of Practice 5(C)(iv) asks parties in insurance cases like this one to file a joint Rule 56.1 Statement, which the parties did here. (*See* Dkt. #121). But that Rule does not mean that parties may not also submit their own Rule 56.1 Statements with facts they do not agree on. As such, Plaintiff properly filed a unilateral Rule 56.1 Statement (*see* Dkt. #123), and Defendant may respond as contemplated in Individual Rule 5(C).

The Clerk of Court is directed to terminate the pending motions at docket entries 116, 120, and 124.

Dated:     August 25, 2025          SO ORDERED.
           New York, New York


                                    HON. KATHERINE POLK FAILLA
                                    UNITED STATES DISTRICT JUDGE