

**Driving progress through partnership**

John N. Ellison
Direct Phone: +1 212 205 6117
Email: jellison@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

September 25, 2025

**VIA CM/ECF & EMAIL (*Failla_NYSDChambers@nysd.uscourts.gov*)**

Hon. Katherine Polk Failla
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007



    RE:   *Bryce Corp. v. XL Insurance America, Inc.*,
             S.D.N.Y. No. 1:23-cv-01814-KPF

Dear Judge Failla:

    On behalf of Plaintiff Bryce Corporation ("Bryce"), we write pursuant to Rule 2(C) of this Court's Individual Rules of Practice in Civil Cases, to respond to Defendant XL Insurance America, Inc.'s ("XL") Letter Motions, filed on September 22 and 23, 2025 [Dkt. Nos. 127 & 134], requesting permission to file under seal in their entirety, or alternatively in redacted form, certain exhibits and information filed in connection with XL's September 22, 2025 Cross-Motion for Partial Summary Judgment and Opposition to Bryce's Motion for Partial Summary Judgment ("XL's Cross-Motion"). For the reasons explained below, Bryce respectfully requests that the Court permit the following documents filed in connection with XL's Cross-Motion to remain under seal: (1) XL's Memorandum of Law in Support of Its Cross-Motion; (2) XL's Local Rule 56.1 Statement of Undisputed Material Facts; (3) XL's Response to Bryce's Rule 56.1 Statement of Undisputed Material Facts; and (4) Exhibits H, J-K, M-O, Q-T, X-AA, and EE-KK of the Declaration of Mark L. Deckman, dated September 22, 2025, in Support of XL's Cross-Motion (the "Deckman Decl.").

**I.    Background**

    This is an insurance coverage case, arising from two fires on November 14 and November 15, 2021 at two of Bryce's plants where it uses massive presses to manufacture flexible packaging films for the food industry (the "Fires"). Bryce made a claim for Property Damage and Business Interruption ("BI") under an insurance policy sold by XL. The Property Damage component has largely been resolved, however, XL has refused to pay the vast majority of the second category, for BI losses incurred during the period, from November 2021 to June 2024, needed to repair and replace damaged property and restore Bryce's operations. As a result of XL's refusal, Bryce initiated this lawsuit against XL on March 2, 2023 [Dkt. No. 1].

    To facilitate discovery, the parties conferred and agreed to the entry of a Confidentiality Stipulation and Protective Order (the "Confidentiality Order") [Dkt. No. 33] to protect the confidentiality of highly sensitive documents and information that would be exchanged during discovery. This was necessary

ABU DHABI ♦ ASTANA ♦ ATHENS ♦ AUSTIN ♦ BEIJING ♦ BRUSSELS ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG
HOUSTON ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH ♦ NEW YORK ♦ ORANGE COUNTY ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH
PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

US_ACTIVE-207956153.3



because Bryce's allegations implicated several categories of confidential and highly-sensitive information exchanged between the parties and/or generated by the parties in connection with Bryce's insurance claim arising from the Fires, including, but not limited to, Bryce's sensitive non-public financial and business information and Bryce's customer information, as well as other confidential and proprietary business information (collectively, "Confidential Information"). Pursuant to the Confidentiality Order, Confidential Information includes, in relevant part, "(b) [t]he names, or other information tending to reveal the identity of a party's . . . customers" and "(d) [i]nformation related to budgets, sales, profits, costs, margins, licensing of technology, product pricing, or other internal financial/accounting information, including non-public information related to financial condition or performance[.]" *See* Dkt. No. 33 at ¶¶ 1(b) & (d). The Confidential Information, for the reasons stated below, meets the standard for sealing under applicable Second Circuit precedent.

### II.     Legal Standard

Federal Rule of Civil Procedure 5.2(d) provides the Court "may order that a filing be made under seal without redaction" and may later "order the person who made the filing to file a redacted version for the public record." The decision as to access "is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Utica Mut. Ins. Co. v. INA Reins. Co.*, 468 Fed. Appx. 37, 39 (2d Cir. 2012). In exercising that discretion, courts consider "whether good cause exists to overcome the presumption of open access to documents filed," *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000), and must "balance competing considerations against" access, including but not limited to "the danger of impairing law enforcement or judicial efficiency" and "the priva[te] interest[] of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (internal quotations and citations omitted). Courts, however, permit sealing even where the public right of access attaches when it "is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).

### III.    Documents and Testimony Bryce Seeks To Have Remain Under Seal or, Alternatively, To Have Filed in Redacted Form.

Consistent with the principles set forth in *Lugosch*, Bryce respectfully submits that good cause exists to shield the Confidential Information from public disclosure.

As an initial matter, sealing is appropriate because certain exhibits filed in connection with XL's Cross-Motion contain Confidential Information reflecting sensitive, non-public financial and business information of Bryce, a non-publicly traded company. This information includes, without limitation, information concerning Bryce's sales data. Disclosure of this information would harm Bryce because it would afford competitors a granular look behind the curtain at the operation and performance of Bryce's business; competitors could, in turn, adjust their practices to compete with Bryce's business.

As this Court knows, courts "commonly seal" documents that contain sensitive financial information because such information could be "used by [the company's] competitors and lead to injury."



*In re Zimmer M/L Taper Hip Prosthesis*, MDL No. 2859, 2021 WL 4706199, at *6 (S.D.N.Y. Oct. 8, 2021). Access to such non-public financial figures would allow "competitors who do not now have [access to] this information . . . to do [Bryce] competitive injury." *Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993); *see also GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 650 (S.D.N.Y. 2011) (sealing information about "costs and budgeting"); *Valassis Commc'ns, Inc.*, No. 17-cv-7378, 2019 WL 10984156, at *1 (S.D.N.Y. Mar. 11, 2019) (sealing information about "costs, revenues, prices of products"). This is because this information can "provide valuable insights into a company's current business practices that a competitor [c]ould seek to exploit[,]" even if that information relates to past, not current or future, financial performance. *See, e.g., Encyclopedia Brown Prods., Ltd. v. Home Box Off., Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (granting request to seal financial information, including cost and profit structures, because "[c]onfidential business information dating back even a decade or more may provide valuable insights into a company's current business practices that a competitor would seek to exploit"); *IBM v. Rodrigo Lima*, No. 20-cv-4573, 2020 WL 6048773, at *1, *3 (S.D.N.Y. Oct. 13, 2020) (granting letter motion requesting the sealing of information relating to "financial projections and performance"). Indeed, protecting sensitive business information is among the "higher values" consistently recognized by courts in this Circuit as a "countervailing factor" that can prevail over the presumption of public access. *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, No. 13-cv-2581, 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021). Accordingly, because portions of the exhibits submitted in connection with XL's Cross-Motion reference Bryce's sensitive non-public business information,[1] the Court should permit those exhibits to be filed under seal or, alternatively, in redacted form.

Additionally, sealing is even more appropriate because certain exhibits filed in connection with XL's Cross-Motion reference the names of Bryce's customers. Disclosure of the customers' names poses potential harm to Bryce's business interests. Indeed, customer names are regularly regarded by courts within this Circuit as competitively-sensitive material deserving of sealing. *See, e.g., Optionality Consulting Pte. Ltd. v. Edge Tech. Grp. LLC*, No. 18-cv-5393, 2024 WL 3534372, at *2 (S.D.N.Y. July 25, 2024) (sealing "information about Plaintiff's clients and pricing"); *City of Providence v. BATS Glob. Markets, Inc.*, No. 14-cv-2811, 2022 WL 539438, at *2 (S.D.N.Y. Feb. 23, 2022) (sealing customer names and revenues); *Hypnotic Hats, Ltd. v. Wintermantel Enter., LLC*, 335 F. Supp. 3d 566, 600 (S.D.N.Y. 2018) (sealing customer lists). Here, Bryce has a commercial interest in keeping customer-identifying information out of the public case file because disclosure of Bryce's customers would be detrimental to Bryce's competitive standing and business relationships with current and prospective customers. Accordingly, because portions of the exhibits submitted in connection with XL's Cross-Motion reference

---

[1] *See* Deckman Decl., Ex. Nos. J, K, M, Q, S, Y, Z, EE, and KK.



Hon. Katherine Polk Failla
September 25, 2025
Page 4

Bryce's sensitive non-public business information,[2] the Court should permit those exhibits to be filed under seal or, alternatively, in redacted form.[3]

Because portions of XL's Local Rule 56.1 Statement of Facts, Response to Bryce's Local Rule 56.1 Statement of Facts, and Memorandum of Law in support of XL's Cross-Motion quote from or reference the above exhibits, the Court should permit those documents to be filed under seal or, alternatively, in redacted form to protect Bryce's confidential non-public financial and business information.

## IV. Documents and Testimony XL Seeks To Have Remain Under Seal or, Alternatively, To Have Filed in Redacted Form.

XL's Letter Motion requested permission to file under seal in their entirety, or alternatively in redacted form, the following documents filed in connection with its Cross-Motion: (1) XL's Memorandum of Law in Support of Its Cross-Motion; (2) XL's Local Rule 56.1 Statement of Undisputed Material Facts; (3) XL's Response to Bryce's Rule 56.1 Statement of Undisputed Material Facts; and (4) Exhibits A, C-G, I-K, P-Q, S, U-AA, and CC-DD of the Deckman Decl. In Section III of this response, Bryce set forth its position with respect to XL's Memorandum of Law in Support of Its Cross-Motion, XL's Local Rule 56.1 Statement of Undisputed Material Facts, XL's Response to Bryce's Rule 56.1 Statement of Undisputed Material Facts, and Exhibits J, K, Q, S, and X-AA to the Deckman Decl. Bryce, however, takes no position regarding XL's allegedly confidential information or its request to seal Exhibits A, C-G, I, P, U-W, CC, and DD to the Deckman Decl.

## V. Deposition Testimony Not Cited in the Parties' Summary Judgment Briefing or Rule 56.1 Statements.

XL appears to have complied with Rule 5(B) of this Court's Individual Rules of Practice in Civil Cases, which requires XL to submit as exhibits the entire deposition transcripts of any deponent whose testimony was cited in its Memorandum of Law or Rule 56.1 Statement of Facts. The large majority of those transcripts, however, contain testimony that references confidential information but was not cited in XL's Rule 56.1 Statement or summary judgment brief and, therefore, is less likely to be relied upon by the Court in resolving the parties' motions for partial summary judgment. Courts routinely hold that sealing is warranted where, as here, voluminous sealed evidence has "minimal relevance to the summary judgment motions." *SEC v. Ripple Labs, Inc.*, No. 20-cv-10832, 2023 WL 3477552, at *7 (S.D.N.Y. May 16, 2023). Accordingly, the Court should, at a minimum, permit the deposition transcripts attached to the Deckman Decl. as the following exhibits to be filed in redacted form: H, N, O, T, GG, and HH.

---

[2] *See* Deckman Decl., Ex. Nos. H, N, O, R, T, X, AA, FF, GG, HH, II, and JJ.

[3] Bryce notes that this Court already permitted Exhibits H, M, N, O, Q, R, S, T, X, AA, HH, JJ, and KK to the Deckman Decl. to be sealed in their entirety when those exhibits were filed in connection with Bryce's Motion for Partial Summary Judgment. *See* Dkt. No. 125.

ReedSmith

Hon. Katherine Polk Failla
September 25, 2025
Page 5

### VI.  Conclusion.

For all the above reasons, Bryce respectfully submits that any one of the foregoing reasons, standing alone, is sufficient grounds to permit the Memorandum of Law supporting XL's Cross-Motion, XL's Rule 56.1 Statement of Facts, XL's Response to Bryce's Rule 56.1 Statement of Facts, and Exhibits H, J-K, M-O, Q-T, X-AA, and EE-KK to the Deckman Decl., to be filed under seal or, alternatively, in redacted form.

Respectfully submitted,

*/s/ John N. Ellison*
John N. Ellison
Reed Smith LLP

cc:     All Counsel of Record (*Via* ECF & Email)

The Court has reviewed Defendant's letter motion to seal (Dkt. #127), Defendant's supplemental letter motion to seal (Dkt. #134), and Plaintiff's above response (Dkt. #135).

The Court first notes its dismay that it appears that Defendant has filed some exhibits with the Declaration of Mark L. Deckman (the "Deckman Declaration" (Dkt. #133)) that are also included in the Joint Appendix of Exhibits (Dkt. #126). (See Dkt. #135 at 4 n.3 (listing exhibits that the Court has already permitted to be sealed)). The purpose of filing a Joint Appendix is to avoid the parties citing to the same evidence in different places, which is the case now.

That said, both Plaintiff's and Defendant's applications to seal are GRANTED. Defendant is directed to refile the Deckman Declaration with the following exhibits under seal: A-K, M-O, P-T, U-AA, and CC-KK.

Furthermore, after Defendant's supplemental letter motion to seal (Dkt. #134), the Clerk of Court sealed docket entry 133. As such, Defendant is directed to refile a publicly available version of the Deckman Declaration, with a single page marked "SEALED" in place of any exhibit for which the Court granted the parties' request to seal above.

The Clerk of Court is directed to maintain docket entries 129, 130, 131, and 133 under seal.

The Clerk of Court is further directed to terminate the pending motions at docket entries 127 and 134.

Dated:    September 25, 2025           SO ORDERED.
         New York, New York

                                       *Katherine Polk Failla* (signature)

                                       HON. KATHERINE POLK FAILLA
                                       UNITED STATES DISTRICT JUDGE