DENTONS

Mark Deckman
mark.deckman@dentons.com
D   +1 212-398-8465

Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020
United States

dentons.com

**VIA CM/ECF**

October 9, 2025

MEMO ENDORSED

The Honorable Katherine Polk Failla
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Bryce Corp. v. XL Insurance America, Inc.*, S.D.N.Y. No. 1:23-cv-01814-KPF – Response to Bryce Corporation's Letter Motion to Seal [ECF 139].

Dear Judge Failla:

      Pursuant to Sections 2(C) and 9(C) of this Court's Individual Rules of Practice, Defendant XL Insurance America, Inc. ("XL") submits this Response to Plaintiff Bryce Corporation's ("Bryce") Letter Motion to Seal certain exhibits and information filed in connection with Bryce's October 6, 2025 Reply in Further Support of its Motion for Partial Summary Judgment and Opposition to Defendant XL's Cross Motion for Partial Summary Judgment [ECF 139]. For the reasons set forth below, XL respectfully requests that the Court permit the following materials filed by Bryce on October 6, 2025 to remain under seal: (1) Bryce's Response to XL's Local Rule 56.1 Statement of Facts [ECF 140], (2) Bryce's Reply in Further Support of its Motion for Partial Summary Judgment and Opposition to Defendant XL's Cross Motion for Partial Summary Judgment [ECF 141], and (3) Exhibits A-E, G, and K to the Declaration of John N. Ellison [ECF 142]. XL's requests are narrowly tailored to cover documents and information that have been designated "Confidential" by XL pursuant to the governing Confidentiality Stipulation and Protective Order [ECF 33] or that otherwise contain or incorporate such confidential information.

      **I.**    **Legal Standard**

      The Second Circuit follows a three-step inquiry for evaluating sealing requests. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). First, the court looks to whether the document at issue is a "judicial document" that is "relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119. (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*")). Second, the court determines the weight of the presumption in favor of public access, given "the role of the material at issue in the exercise

Case 1:23-cv-01814-KPF   Document 145   Filed 10/10/25   Page 2 of 4

DENTONS

Hon. Katherine Polk Failla
U.S.D.C. for the Southern District of NY
October 9, 2025
Page 2

dentons.com

of Article III judicial power." *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("*Amodeo II*")). Finally, the court balances the competing considerations that weigh against disclosure in deciding whether to seal the subject materials. *Id.* at 120.

II.     **Documents and Materials that XL Seeks to Keep Under Seal.**

Consistent with the principles set forth above, XL respectfully submits that there is good cause to seal the following exhibits to the Declaration of John N. Ellison [ECF 142]: Exhibits A-E, G, and K. These exhibits were produced by XL and were designated "Confidential" or otherwise incorporate or contain XL's confidential information.

XL acknowledges that the subject documents are judicial documents and that there is a presumption of public access for materials submitted in connection with summary judgment motions. However, there is a strong consideration weighing against public access with respect to the limited number of exhibits that are the subject of this submission because those materials contain confidential business information, the disclosure of which may be adverse to XL's privacy interests and harmful to its competitive standing. Indeed, "courts in this district regularly grant requests to seal" where the subject documents contain business information that may harm a litigant's competitive standing. *See CT Espresso LLC v. Lavazza Premium Coffees Corp.*, 2022 WL 443644, at *2 (S.D.N.Y. Feb. 14, 2022) (collecting cases). *See also Thor Equities, LLC v. Factory Mut. Ins. Co.*, 2023 WL 6382684, at *1 (S.D.N.Y. Sept. 29, 2023) ("[T]he protection of sensitive, confidential, and proprietary business information is a countervailing interest that can militate in favor of sealing.") Moreover, courts in this district have specifically recognized that sensitive insurance information is the proper subject of a request to seal. *See Thor Equities*, 2023 WL 6382684, at *1-2 (granting motion to seal where insurance company sought to protect "sensitive business information regarding the pricing, underwriting, and reinsurance of [its] insurance policies that is critical to [its] ability to compete in the insurance market place.").

In this case, XL's narrowly tailored request seeks to seal a limited number of documents that contain sensitive, confidential, and proprietary business information. Because portions of Bryce's Response to XL's Local Rule 56.1 Statement of Facts [ECF 140] and Bryce's Reply in Further Support of its Motion for Partial Summary Judgment and Opposition to Defendant XL's Cross Motion for Partial Summary Judgment [ECF 141] quote extensively from the above exhibits and from other materials that the Court has already sealed [*see* ECF 125, 136] the Court should also permit those documents to remain under seal to protect XL's sensitive, confidential, and

**DENTONS**

Hon. Katherine Polk Failla
U.S.D.C. for the Southern District of NY
October 9, 2025
Page 3

dentons.com

proprietary business information. XL notes that the Court has granted similar letter motions to seal in this case.[1] [ECF 125, 136].

For these reasons, XL requests that the Court grant its request to seal the aforementioned materials.

Respectfully Submitted,

Mark L. Deckman

cc: All counsel of record via ECF

---

[1] Bryce and XL are in agreement that the Court should seal Exhibits D and E to the Ellison Declaration, as well as Bryce's Response to XL's Local Rule 56.1 Statement of Facts and Bryce's Reply in Further Support of its Motion for Partial Summary Judgment and Opposition to Defendant XL's Cross Motion for Partial Summary Judgment. XL takes no position on Bryce's request to seal Exhibits F, H, I, and J to the Ellison Declaration.

The Court has reviewed Plaintiff's letter motion to seal (Dkt. #139) and Defendant's above response, which in substance is also a letter motion to seal (Dkt. #143).

For the reasons stated in the parties' letters, both Plaintiff's and Defendant's applications to seal are GRANTED. Plaintiff is directed to refile the Declaration of John N. Ellison (Dkt. #142) with the Exhibits A-K under seal.

The Clerk of Court is directed to maintain docket entries 140 and 141 under seal.

The Clerk of Court is further directed to terminate the pending motion at docket entry 139.

Dated:     October 10, 2025             SO ORDERED.
           New York, New York

                                        HON. KATHERINE POLK FAILLA
                                        UNITED STATES DISTRICT JUDGE