**DENTONS**

**Mark L. Deckman**

mark.deckman@dentons.com
D    +1 212-398-8465

Dentons US LLP
1221 Avenue of the Americas
New York, NY  10020-1089
United States

dentons.com

**VIA CM/ECF/EMAIL**

December 3, 2025



The Honorable Katherine Polk Failla
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:     ***Bryce Corp. v. XL Insurance America, Inc.*, S.D.N.Y. No. 1:23-cv-01814-KPF – XL's
        Letter Motion in Response to Bryce's Letter Motion [Dkt. No. 153]**

Dear Judge Failla:

Defendant XL Insurance America, Inc. ("XL") respectfully submits this letter motion in opposition to the request by Bryce Corporation ("Bryce") for leave to seek sanctions and to compel XL to withdraw the Declaration of Raymond F. Walton (the "Walton Declaration") submitted in support of XL's cross-motion for partial summary judgment. Bryce's request is legally baseless and should be denied. The Walton Declaration is grounded in the evidentiary record, materially consistent with deposition testimony and produced documents, and was submitted in good faith in connection with XL's cross-motion for partial summary judgment. Bryce's assertions do not approach the stringent standards for sanctions under Federal Rule of Civil Procedure 56(h) or Rule 11 as applied by the Southern District of New York, including this Court.

Both parties have moved for partial summary judgment. Bryce filed its motion on August 19, 2025 (Dkt. No. 117). XL filed its cross-motion and the Walton Declaration on September 22, 2025 (Dkt. No. 128). Bryce filed its opposition to XL's cross-motion on October 6, 2025 (Dkt. No. 139), and XL filed its reply on October 14, 2025. (Dkt. No. 141). Bryce then filed its letter motion on November 26, 2025 (Dkt. No. 153).

Mr. Walton is a Large Loss Claims Specialist at XL with more than 45 years of insurance industry experience, including, prior underwriting experience and professional designations in the field. *See* Walton Dep. 8–10 (Dkt. No. 126, Ex. 42).  As Bryce is undoubtfully aware, Mr. Walton has had a longstanding role on the Bryce account since Bryce's 2021 claim, with responsibilities that include investigating, evaluating, gathering information, and resolving claims.  Consistent with this role, ███████████████████████████████████████████

**Puyat Jacinto & Santos ► Link Legal ► Zaanouni Law Firm & Associates ► LuatViet ► For more information on the firms that have come together to form Dentons, go to dentons.com/legacyfirms**

US_ACTIVE\10020445\000003\131832840.v1-12/3/25

████████████████████████████████████████████████████████████████████████████████████████. *See* Walton Dep. 19–20, 33, 40–42, 71–73, 93–96, 104–06, 117–22, 129–33, 147–52, 165–68, 170–75, 187–202, 213–15, 226–31. (Dkt. No. 126, Ex. 42). ██████████████ ████████████████████████████████████████████. *See id.* 27, 113–14, 120, 152–58, 168– 75, 213–15, 230 (Dkt. No. 126, Ex. 42).

The deposition chronology underscores why Mr. Walton's Declaration properly reflects the developed record. Bryce elected to depose Mr. Walton first (June 11, 2024), followed by Mr. Morgan (June 26 and 27, 2024), and then Mr. Jeffcoats (July 23, 2024). Stephens Insurance, LLC's ("Stephens") Ronnie Adams was deposed later, on August 14, 2024. ███████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████. *See* Morgan Dep. (June 26) 123–31 (Dkt. No. 137, Ex. H); Morgan 30(b)(6) Dep. 34–35, 50–51, 108–12, 123–26, 128– 31 (Dkt. No. 137, Ex. T). Following Mr. Walton's deposition, documents continued to be produced and reviewed, including at least fifteen deposition transcripts. Mr. Walton's Declaration appropriately incorporates information within his personal knowledge and information gleaned from the subsequently developed record. *See* Walton Dep. 93–96, 129–33, 147–52, 170–75, 187– 202, 226–31 (Dkt. No. 126, Ex. 41); Morgan 30(b)(6) Dep. 14–17, 147 (Dkt. 137, Ex. T).

Bryce's assertion that Mr. Walton's Declaration contradicts his testimony ignores the record and the procedural context. At his deposition, ████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████. *See* Walton Dep. 27, 113–14, 120, 152–58, 168–75, 213–15, 230 (Dkt. 126, Ex. 42). His Declaration recounts the chronology of events ██████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████. The Declaration is corroborated by contemporaneous documentation and the deposition testimony of Mr. Morgan, which post-dates Mr. Walton's deposition.

On this record, there is no basis to characterize any portion of Mr. Walton's Declaration as perjurious or "blatantly false." To the contrary, the Declaration is anchored in Mr. Walton's firsthand involvement and a fulsome review of XL's business records, together with testimony and documents developed after his deposition.

Bryce's request is baseless as a matter of law. Rule 56(h) sanctions are reserved for "rare instances" of "egregious" conduct, such as when summary judgment affidavits contain perjurious or blatantly false allegations or omit facts concerning issues central to the dispute. *See Jaisan, Inc. v. Sullivan*, 178 F.R.D. 412, 415–16 (S.D.N.Y. 1998). In *Luscier v. Risinger Bros. Transfer, Inc.*, the court found a Rule 56(h) violation where counsel, acting as a notary, falsely affirmed that his

client swore to an affidavit before him on a specific date and in a specific location; in reality, he forged the client's signature without speaking to her about the affidavit's contents.  2015 WL 5638063, at \*1, \*8 (S.D.N.Y. Sept. 17, 2015).  By contrast, *Jaisan* declined to impose sanctions where the challenged affidavit—though "far from exemplary" and "cleverly worded"—was true when made and "technically correct," and did not contain perjurious statements or blatant falsehoods.  178 F.R.D. at 417.

This case is nowhere close to *Luscier* and, in fact, does not even approach the scenario in *Jaisan*. The Walton Declaration neither contains falsehoods nor omits material facts in a manner even approaching egregious conduct. It is supported by the record and by testimony, including from Mr. Morgan, that was developed after Mr. Walton's deposition. Rule 56(h) provides no basis to sanction XL or to strike or withdraw Mr. Walton's Declaration.

Likewise, Bryce's request for Rule 11 sanctions is baseless for similar reasons. The Southern District repeatedly emphasizes that "Rule 11 is not a toy," and accusations of violations are "a serious matter." *Safe-Strap Co., Inc. v. Koala Corp.*, 270 F. Supp. 2d 407, 421 (S.D.N.Y. 2003). Sanctions under Rule 11 are "a (very last) resort," reserved for "extraordinary circumstances." *Stern v. Regency Towers, LLC*, 886 F. Supp. 2d 317, 327 (S.D.N.Y. 2012); *E. Gluck Corp. v. Rothenhaus*, 252 F.R.D. 175, 178 (S.D.N.Y. 2008); *see also Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 2006 WL 2807213, at \*6 (S.D.N.Y. Sept. 28, 2006).  Courts "typically look for statements rising to the level of direct falsehoods" before sanctions may be warranted under Rule 11(b)(3).  *Safe-Strap*, 270 F. Supp. 2d at 412.  This Court has applied that standard consistently, denying Rule 11 sanctions where factual statements were supported by the record. *See Corley v. Vance*, 2018 WL 11250295, at \*2 (S.D.N.Y. Aug. 30, 2018) (Failla, J.).  As the Second Circuit has explained, a factual statement can give rise to Rule 11 sanctions "only when the particular allegation is utterly lacking in support." *Kiobel v. Millson*, 592 F.3d 78, 81 (2d Cir. 2010) (internal quotation marks and citation omitted).

Bryce's arguments fall far short of this high bar. Mr. Walton's Declaration is based on Mr. Walton's personal knowledge of the Bryce account and on the robust factual record developed in discovery. Far from being "utterly lacking in support," the Declaration is corroborated by documents and testimony, including testimony elicited by Bryce in depositions taken after Mr. Walton was deposed. *See* Morgan Dep. (June 26) 123–31 (Dkt. No. 137, Ex. H); Morgan 30(b)(6) Dep.  34–35, 50–51, 108–12, 123–26, 128–31 (Dkt. No. 137, Ex. T). Under the governing standards, no Rule 11 sanction is appropriate.

Bryce's request is an unwarranted distraction that threatens to delay resolution of this matter and impose needless cost. Because Bryce has not come close to meeting the rigorous standards of Rule 56(h) or Rule 11, XL respectfully requests that the Court deny Bryce's

DENTONS

Hon. Katherine Polk Failla
December 3, 2025
Page 4

application in full. XL further requests an award of its reasonable fees and costs incurred in responding to Bryce's baseless request, together with such other and further relief as the Court deems just and proper.

We thank the Court for its attention to these matters and are available at the Court's convenience should Your Honor wish to discuss them further.

Respectfully submitted,

Mark L. Deckman

cc: All counsel of record via ECF

US_ACTIVE\10020445\000003\131832840.v1-12/3/25

The Court has reviewed Plaintiff's request for leave to file a redacted letter motion for a pre-motion conference regarding an anticipated motion for sanctions (Dkt. #152), that motion for a pre-motion conference in redacted (Dkt. #153) and sealed (Dkt. #154) forms, Defendant's request for leave to file a redacted response to Plaintiff's letter motion (Dkt. #155), and that response in redacted (Dkt. #156) and sealed forms (Dkt. #157).

The parties' requests to file redacted and sealed versions of their documents are GRANTED.  Docket entries 153 and 156 may remain on the docket in sealed form.

Plaintiff's request for a pre-motion conference regarding an anticipated motion for sanctions is also GRANTED.  The parties shall appear for a telephonic pre-motion conference on **December 22, 2025,** at **10:00 a.m.**  At the scheduled time, the parties shall call (855) 244-8681 and enter access code 2315 780 7370.

The Clerk of Court is directed to maintain docket entries 154 and 157 under seal.  The Clerk of Court is further directed to terminate the pending motions at docket entries 152, 153, 154, and 155.

Dated:    December 5, 2025
          New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE