ReedSmith
Driving progress
through partnership

John N. Ellison
Direct Phone: +1 212 205 6117
Email: jellison@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

October 26, 2026

**VIA CM/ECF & EMAIL (*Failla_NYSDChambers@nysd.uscourts.gov*)**

Hon. Katherine Polk Failla
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**MEMO ENDORSED**

**RE: *Bryce Corp. v. XL Insurance America, Inc.*,**
**S.D.N.Y. No. 1:23-cv-01814-KPF**

Dear Judge Failla:

On behalf of Plaintiff Bryce Corporation ("Bryce"), we write pursuant to Rule 9(B)(i) and Rule 9(B)(ii) of this Court's Individual Rules of Practice in Civil Cases, to respectfully request permission to file under seal Bryce's Memorandum of Law in Opposition to XL Insurance America, Inc.'s Bench Brief Seeking Exclusion of the June 3, 2022 and October 24, 2022 Lost Sales Memos (Trial Exhibits P-511 and P-053) and the July 14, 2022 Frito Lay Lost Sales Memo (Trial Exhibit P-049) ("Bryce's Opposition"). This Letter Motion seeks to file under seal in its entirety, or alternatively in redacted form, the memorandum of law containing sensitive, confidential, and/or proprietary business information. Bryce's request is narrowly tailored to cover information that have been designated "Confidential" or "Highly Confidential" by Bryce and/or Defendant XL Insurance America, Inc. ("XL") under the governing Confidentiality Stipulation and Protective Order (the "Confidentiality Order") [Dkt. No. 33], which contains or reference Bryce's sensitive non-public financial and business information, and Bryce's customer information.

## I. Background

This is an insurance coverage case, arising from two fires on November 14 and November 15, 2021 at two of Bryce's plants where it uses massive presses to manufacture flexible packaging films for the food industry (the "Fires"). Bryce made a claim for Property Damage and Business Interruption ("BI") under an insurance policy sold by XL. The Property Damage component has largely been resolved, however, XL has refused to pay the vast majority of the second category, for BI losses incurred during the period, from November 2021 to June 2024, needed to repair and replace damaged property and restore Bryce's operations. As a result of XL's refusal, Bryce initiated this lawsuit against XL on March 2, 2023 [Dkt. No. 1].

To facilitate discovery, the parties conferred and agreed to the Confidentiality Order to protect the confidentiality of highly sensitive documents and information that would be exchanged during discovery. This was necessary because Bryce's allegations implicated several categories of confidential and highly

ReedSmith



sensitive information exchanged between the parties and/or generated by the parties in connection with Bryce's insurance claim arising from the Fires, including, but not limited to, Bryce's sensitive non-public financial and business information and Bryce's customer information, as well as other confidential and proprietary business information (collectively, "Confidential Information"). Pursuant to the Confidentiality Order, confidential information includes, in relevant part, "(b) [t]he names, or other information tending to reveal the identity of a party's . . . customers" and "(d) [i]nformation related to budgets, sales, profits, costs, margins, licensing of technology, product pricing, or other internal financial/accounting information, including non-public information related to financial condition or performance[.]" *See* Dkt. No. 33 at ¶¶ 1(b) & (d). The Confidential Information, for the reasons stated below, meets the standard for sealing under applicable Second Circuit precedent.

**II. Legal Standard**

Federal Rule of Civil Procedure 5.2(d) provides the Court "may order that a filing be made under seal without redaction" and may later "order the person who made the filing to file a redacted version for the public record." The decision as to access "is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Utica Mut. Ins. Co. v. INA Reins. Co.*, 468 Fed. Appx. 37, 39 (2d Cir. 2012). In exercising that discretion, courts consider "whether good cause exists to overcome the presumption of open access to documents filed," *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000), and must "balance competing considerations against" access, including but not limited to "the danger of impairing law enforcement or judicial efficiency" and "the priva[te] interest[] of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (internal quotations and citations omitted). Courts, however, permit sealing even where the public right of access attaches when it "is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).

**III. Document Bryce Seeks to Seal or, Alternatively, to File in Redacted Form.**

Consistent with the principles set forth in *Lugosch*, Bryce respectfully submits that good cause exists to shield the Confidential Information from public disclosure.

As an initial matter, sealing is appropriate because Bryce's Opposition contains confidential information reflecting sensitive, non-public financial and business information of Bryce, a non-publicly traded company. This information includes, without limitation, information concerning Bryce's sales data. Disclosure of this information would harm Bryce because it would afford competitors a granular look behind the curtain at the operation and performance of Bryce's business; competitors could, in turn, adjust their practices to compete with Bryce's business.

As this Court knows, courts "commonly seal" documents that contain sensitive financial information because such information could be "used by [the company's] competitors and lead to injury." *In re Zimmer M/L Taper Hip Prosthesis*, MDL No. 2859, 2021 WL 4706199, at *6 (S.D.N.Y. Oct. 8, 2021). Access to such non-public financial figures would allow "competitors who do not now have

ReedSmith



[access to] this information . . . to do [Bryce] competitive injury." *Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993); *see also GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 650 (S.D.N.Y. 2011) (sealing information about "costs and budgeting"); *Valassis Commc'ns, Inc.*, No. 17-cv-7378, 2019 WL 10984156, at *1 (S.D.N.Y. Mar. 11, 2019) (sealing information about "costs, revenues, prices of products"). This is because this information can "provide valuable insights into a company's current business practices that a competitor [c]ould seek to exploit[,]" even if that information relates to past, not current or future, financial performance. *See, e.g., Encyclopedia Brown Prods., Ltd. v. Home Box Off., Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (granting request to seal financial information, including cost and profit structures, because "[c]onfidential business information dating back even a decade or more may provide valuable insights into a company's current business practices that a competitor would seek to exploit"); *IBM v. Rodrigo Lima*, No. 20-cv-4573, 2020 WL 6048773, at *1, *3 (S.D.N.Y. Oct. 13, 2020) (granting letter motion requesting the sealing of information relating to "financial projections and performance"). Indeed, protecting sensitive business information is among the "higher values" consistently recognized by courts in this Circuit as a "countervailing factor" that can prevail over the presumption of public access. *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, No. 13-cv-2581, 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021). Accordingly, because portions of Bryce's Opposition reference Bryce's sensitive non-public business information, the Court should permit this brief to be filed under seal or, alternatively, in redacted form.

Additionally, sealing is even more appropriate because certain information listed in connection with Bryce's Opposition reference the names of Bryce's customers. Disclosure of the customers' names poses potential harm to Bryce's business interests. Indeed, customer names are regularly regarded by courts within this Circuit as competitively sensitive material deserving of sealing. *See, e.g., Optionality Consulting Pte. Ltd. v. Edge Tech. Grp. LLC*, No. 18-cv-5393, 2024 WL 3534372, at *2 (S.D.N.Y. July 25, 2024) (sealing "information about Plaintiff's clients and pricing"); *City of Providence v. BATS Glob. Markets, Inc.*, No. 14-cv-2811, 2022 WL 539438, at *2 (S.D.N.Y. Feb. 23, 2022) (sealing customer names and revenues); *Hypnotic Hats, Ltd. v. Wintermantel Enter., LLC*, 335 F. Supp. 3d 566, 600 (S.D.N.Y. 2018) (sealing customer lists). Here, Bryce has a commercial interest in keeping customer-identifying information out of the public case file because disclosure of Bryce's customers would be detrimental to Bryce's competitive standing and business relationships with current and prospective customers. Accordingly, because portions of the exhibits submitted in connection with Bryce's Opposition reference Bryce's sensitive non-public business information, the Court should permit those exhibits to be filed under seal or, alternatively, in redacted form.

**VI. Conclusion.**

For all the above reasons, Bryce respectfully submits that any one of the foregoing reasons, standing alone, is sufficient grounds to permit the Bryce's Opposition, to be filed under seal or, alternatively, in redacted form.

Respectfully submitted,

*/s/ John N. Ellison*
John N. Ellison
Reed Smith LLP

cc: All Counsel of Record (*Via* ECF & Email)

Application GRANTED.

The Clerk of Court is directed to maintain under seal docket entry 274, viewable only to the Court and the parties. Further, the Clerk of Court is directed to terminate the pending motion at docket entry 273.

Dated: October 26, 2026
New York, New York

SO ORDERED.

Katherine Polk Failla

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE